[Cite as *State v. Greene*, 2011-Ohio-4541.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                                                                   :

                                                                               :     Appellate Case No. 24307

        Plaintiff-Appellee                                               :

                                                                               :     Trial Court Case No.    10-CR-1602

v.                                                                             :

                                                                               :

ANTONIO GREENE                                                                 :     (Criminal Appeal from

                                                                               :     Common Pleas Court)

        Defendant-Appellant                                             :

                                                                               :

          . . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of September, 2011.

. . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorneys for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. #0079508, Cicero Law Office, LLC, 500 East Fifth Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1} Antonio Greene appeals from his conviction and sentence on charges of aggravated robbery, robbery, and a firearm specification.

{¶ 2} In his sole assignment of error, Greene contends the trial court erred in denying a motion he made under *Batson v.*

*Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, during jury selection.

{¶ 3} Greene's argument concerns the prosecutor's exercise of his final peremptory challenge to strike prospective juror Mr. Taylor who was at that time seated as juror number six. When the State expressed its intent to remove Taylor, the second African American stricken by the prosecutor, defense counsel raised a *Batson* challenge. The prosecutor responded by arguing that no prima facie case of racial discrimination existed because no "pattern" of excusing African Americans had been shown. The prosecutor noted that, aside from Taylor, two other African Americans remained on the jury. Defense counsel countered that proof of a "pattern" was not necessary to establish a prima facie case under *Batson*. (Trial transcript, Vol. I, at 89-91).

{¶ 4} After additional discussion, the trial court asked the prosecutor to explain the strike. The prosecutor responded that Taylor's brother had been convicted of a crime. Despite Taylor's claim that he could be impartial, the prosecutor stated that a prior conviction of a juror's family member was "a concern." The prosecutor asserted that he had stricken other potential jurors for the same reason. (Id. at 92). The trial court, the prosecutor, and defense counsel then discussed the court's role in evaluating a proffered race-neutral reason for striking a potential juror. (Id. at 93-99). During the conversation, the trial court told the prosecutor, "I think what you articulated, you were being forthright about." (Id. at 100). The trial court expressed its own belief, however, that Taylor could be fair and impartial. (Id. at 95, 100). The parties then debated whether the fact that the trial court's opinion differed from the prosecutor's established a *Batson* violation. (Id. at 100-110). The trial court ultimately terminated the discussion and excused Taylor. (Id. at 110).

{¶ 5} On appeal, Greene contends the trial court erred by denying his *Batson* challenge. He claims the record establishes that he proved purposeful discrimination by the prosecutor in striking Taylor from the jury.

{¶ 6} In *Batson*, the U.S. Supreme Court set forth a three-part test for determining whether a prosecutor's use of a peremptory challenge is racially motivated:

{¶ 7} "First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race." *Batson*, 476 U.S. at 82. "In order to establish a prima facie case of discrimination, the defendant must point to facts and other relevant circumstances that are sufficient to raise an inference that the prosecutor used its peremptory challenge specifically to exclude the prospective juror on account of his race." *State v. Carver*, Montgomery App. No. 21328, 2008-Ohio-4631, ¶48 (citations omitted). "The trial court must 'consider all relevant circumstances in determining whether a prima-facie case exists, including

statements by counsel exercising the peremptory challenge, counsel's questions during voir dire, and whether a pattern of strikes against minority venire members is present.'" Id., quoting *Batson*, supra, at 96-97.

{¶ 8} "Second, once the defendant establishes a prima facie case of discrimination, the burden shifts to the prosecutor to articulate a race-neutral explanation for the peremptory challenge 'related to the particular case to be tried.'" Id. at ¶49, quoting *Batson*, supra, at 98. "Although a simple affirmation of general good faith will not suffice, the prosecutor's explanation 'need not rise to the level justifying exercise of a challenge for cause.'" Id., quoting *Batson*, supra, at 97. "In fact, the prosecutor's explanation for striking the prospective juror is not required to be persuasive, or even plausible." Id. "'At this [second] step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.'" Id., quoting *Purkett v. Elem* (1995), 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834.

{¶ 9} "Third, the trial court must determine 'whether the defendant has carried his burden of proving purposeful discrimination.'" Id. at ¶50, quoting *Batson*, supra, at 82. "In making such a determination, the trial court must decide whether the prosecutor's race-neutral explanation is credible, or instead is a 'pretext' for unconstitutional discrimination." Id., citing *Hernandez v. New York* (1991), 500 U.S. 352, 363, 111 S.Ct. 1859, 114 L.Ed.2d 395. "Because this third stage of the analysis rests largely on the trial court's evaluation of the prosecutor's credibility, an appellate court is required to give the trial court's findings great deference." Id. (Citations omitted.)

{¶ 10} In the present case, the parties initially disputed whether a prima facie case existed under *Batson* absent a "pattern" of peremptory strikes against African Americans. In *State v. Russell*, Montgomery App. No. 23454, 2010-Ohio-4765, ¶20, this court recently recognized that "the existence of a pattern of potentially discriminatory strikes, while relevant, is not necessary to establish either a prima facie case under *Batson* or to establish an actual violation." Apparent racial discrimination may be evident from the record by questions, remarks or comments relating to a single peremptory strike. In addition, or in the absence of evident discrimination, a pattern of peremptory strikes can be sufficient to demonstrate prima facie racial discrimination. In any event, the existence or non-existence of a prima facie case is moot here because the State proceeded to explain its action and the trial court addressed the ultimate question of discrimination. *State v. White* (1999), 85 Ohio St.3d 433, 437.

{¶ 11} We note that the trial court determined that the explanation offered by the prosecutor was race neutral. The

prosecutor was concerned about prospective juror Taylor's ability to be fair to the government given that his brother had been convicted of drug trafficking seven years earlier. (Trial transcript, Vol. I at 99). The critical issue is whether this race-neutral explanation was a pretext for purposeful racial discrimination. As set forth above, the trial court concluded that it was not.[1]

**{¶ 12}** Greene contends the trial court erred in "assuming that the grounds offered by the prosecutors for the strike of Mr. Taylor were genuine because their stated concern was reasonable." (Appellant's brief at 10). Greene claims the trial court found the prosecutor's explanation unsupported by the record yet inexplicably found no *Batson* violation. (Id. at 10-11). He argues: "The trial court was very clear in what it believed was reality based upon what it observed during voir dire. The trial court stated the prosecution did not believe that Mr. Taylor was being frank when he responded to their question as to whether he would hold the conviction of his brother against the State. * * * However, the trial court stated, it did believe that Mr. Taylor was being frank in his answers to the prosecutor's questions." (Id. at 11-12).

**{¶ 13}** Upon review, we find Greene's argument to be without merit. A review of the discussion below about the *Batson* issue reveals that the trial court did not share the prosecutor's concerns about Taylor's ability to be fair and impartial. It does not follow, however, that the trial court was required to find purposeful racial discrimination by the prosecutor. Regarding the prosecutor's peremptory strike of Taylor, the trial court acknowledged, "I don't think necessarily it is based on race." (Trial transcript, Vol. I at 94). As for the prosecutor's race-neutral explanation, the trial court added, "I think what you articulated, you were being forthright about." (Id. at 100). Finally, the trial court made "clear on the record" that it was "not saying [the prosecutors] are liars." (Id. at 98).

**{¶ 14}** In short, the record reveals that the trial court did not doubt the sincerity or genuineness of the prosecutor's race-neutral explanation. It simply did not have the same concern. But "[t]he issue for the court in a *Batson* challenge is not so much the *reasonableness* of the prosecutor's concern about a juror's view of the case * * * but the *genuineness* of the prosecutor's explanation." *State v. Patterson*, Clark App. No. 05CA0128, 2007-Ohio-29, ¶12 (emphasis added).

**{¶ 15}** Although the trial court initially opined that "[t]here's nothing out there to justify" the prosecutor's concern about

---

[1]After a lengthy debate between the parties about whether purposeful racial discrimination had been established, the trial court terminated the discussion and dismissed Taylor. (Trial transcript, Vol. I at 110). Although the trial court did not explain its ruling, no such explanation was required. "'As long as a trial judge affords the parties a reasonable opportunity to make their respective records, he may express his *Batson* ruling on the credibility of a proffered race-neutral explanation in the form of a clear rejection or acceptance of a *Batson* challenge.'" *State v. Frazier*, 115 Ohio St.3d 139, 152, 2007-Ohio-5048, ¶98, quoting *Messiah v. Duncan* (C.A.2, 2006), 435 F.3d 186, 198.

Taylor (Trial transcript, Vol. I at 95), the record does contain a factual predicate for the prosecutor's peremptory strike. Approximately seven years earlier, Taylor's brother had been convicted of drug trafficking.[2] (Id. at 36). This court has recognized that where the record supports a prosecutor's race-neutral explanation, a trial court properly may conclude that the explanation is not a pretext for racial discrimination. *Patterson*, at ¶12-13. Accordingly, we overrule Greene's assignment of error.

**{¶ 16}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
R. Lynn Nothstine
Lori R. Cicero
Hon. Timothy N. O'Connell

---

[2] In addition to Taylor, we note the prosecutor exercised peremptory challenges on two similarly situated jurors, one of whom had been convicted of a crime himself, who was a white male, and one of whom had a nephew who had a conviction for drug trafficking, whose race was not specifically identified. (Id. at 35, 37-38, 87-88, 102).